Nᴏᴛ Rᴇᴄᴏᴍᴍᴇɴᴅᴇᴅ ғᴏʀ Pᴜʙʟɪᴄᴀᴛɪᴏɴ ᴏʀ Cɪᴛᴀᴛɪᴏɴ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 09-CV-64-KKC

CHARLES COSGROVE                                            PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, et al.                                 DEFENDANTS

***** ***** *****

Charles Cosgrove, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and currently incarcerated in a facility in Independence, Missouri, has submitted a *pro se* Complaint alleging a constitutional violation of his rights and medical malpractice occurring during his previous incarceration at the United States Penitentiary ("USP")-Big Sandy, in Inez, Kentucky. Therefore, he has brought these claims pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, *et seq.*

The Complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As Plaintiff is appearing *pro se*, his Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Plaintiff's allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss a case at any time if it

determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2); 1915A(b).

## CLAIMS

Cosgrove claims that the Defendants have not properly investigated or treated a problem with his left knee, thereby (1) subjecting him to cruel and unusual punishment and (2) committing medical malpractice or negligence.

## DEFENDANTS

As the Defendants, Plaintiff has named the BOP and the following USP-Big Sandy personnel:  Health Services Administrator S. Sloan; Assistant Health Services Administrator P. Runyon; Assistant Warden Myron Batts; and Doctors Pablo Cruz and N. Rosario.

## RELIEF SOUGHT

Plaintiff seeks a jury trial, injunctive relief in the form of ordering an immediate MRI of his knee and appropriate treatment, and damages.

## FACTUAL ALLEGATIONS

Plaintiff has submitted a typewritten, self-styled Complaint setting out his allegations, and on the last page, he has hand-written that he exhausted all available remedies but has not attached copies of them, as he is no longer required to do so, under *Jones v. Back*, 549 U.S. 199, 215 (2007).

Plaintiff Cosgrove alleges that he was assaulted at USP-Leavenworth in December of 2006, with the result that his left knee was injured.  "Specifically, Plaintiffs [sic] knee (a) clicks, (b) locks-up on him and has cause him to lose balance, (d) causes him constant pain and discomfort, (e) prevents him from walking and exercising as he wants."  Record No. 2.  He alleges that he first began seeking medical care for it while he was still in Leavenworth.

2

"From on or about July 18, 2007, through to, on or about March 10, 2009," the Plaintiff was at Big Sandy, where his primary care provider was a Physician's Assistant ("PA"), named S. Bhadra. On February 12, 2008, after some tests and examinations, Bhadra told him that he would request an x-ray and MRI of the knee.  Plaintiff did not have his knee x-rayed, however, until August, at which time Defendant Runyon purportedly explained that MRI's are more difficult to obtain, as they are more expensive, usually come after several physician requests and for life-threatening injuries, and are more trouble for personnel as they might require a trip to an outside medical facility.

Meanwhile, on July 29, 2008, Big Sandy's Utilization Review Committee ("URC"), comprised of the individual Defendants herein, *i.e.*, Sloan, Runyon, Batts, Cruz and Rosario, denied the MRI request.  On August 11th, the Plaintiff returned to PA Bhadra, who purportedly said that he believed that Cosgrove had a cartilage tear and that an MRI study "is the only available means to review images of the internal  tissues and to form an exact diagnosis or Plaintiff's injury and further need for medical treatment."  Bhadra said that he would make a second request for the MRI.  On September 1, 2008, Plaintiff received notice that the URC had also not approved the second request.

According to Plaintiff, he had already implemented the administrative remedy program at USP-Big Sandy by that time.  He alleges that he started that process on July 1, 2008, but the Defendants gave the Warden false information justifying the denial of the MRI.  Further, that false information was purportedly used by the Regional and National Offices to deny his appeals.  "It is obvious from the Defendants' response that they expect Plaintiff's knee to not function, or at least worsen, before they will authorize an MRI scan."  Record No. 2.

On May 11, 2009, this Court received Cosgrove's Complaint alleging that he continues to suffer increasing pain and still has the same problems with the functioning of his knee.  Additionally,

he believes that the condition of his knee has worsened and that in delaying a diagnosis and treatment, the Defendants have subjected him to a serious risk of future damage.  He seeks immediate treatment and damages.

## DISCUSSION

The instant Plaintiff has alleged that the individual Defendants have displayed deliberate indifference to his serious medical needs and have committed negligence in his medical care; he has also alleged exhaustion of the BOP's administrative remedies prior to the instant filing. Accordingly, the Court will require the Defendants to answer the Plaintiff's allegations, except those Defendants protected by the United States sovereign immunity or by legislation, the FTCA.

With regard to sovereign immunity, any lawsuit against an agency of the United States is, in essence, a suit against the United States.  *See Kentucky v. Graham*,  473 U.S. 159, 166 (1985).  The federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived.  *United States v. Mitchell*,  463 U.S. 206, 212 (1983); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985).

The United States has not waived its sovereign immunity to monetary damages for constitutional torts.  *See Clark v. Library of Congress*, 750 F.2d 89, 104 (D.C. Cir. 1984).  "[S]ince the United States has not waived its sovereign immunity and consented expressly to be sued in a *Bivens*-type action, such suits cannot be brought against the United States."  *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989).  Therefore, the Court does not have subject matter jurisdiction over the Plaintiff's claims against the BOP, because it is an agency of the United States.

4

Similarly, when damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975). Thus, Plaintiff's constitutional claims against the named Defendants in their official capacities for money damages is barred by sovereign immunity. *Garcia v. United States*, 666 F.2d 960 (5th Cir. 1982), *cert. denied*, 459 U.S. 832.

However, when damages are sought against federal employees in their individual capacities, there is federal jurisdiction, under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Even then, it must be shown that each Defendant's conduct rises to the level of a constitutional violation. *Davis v. Passman*, 442 U.S. 228 (1979). For negligence, it is the United States which must defend in an FTCA case, not the individual employees. *See* 28 U.S.C. §§ 1346(b), 2401(b), 2679(a); *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990).

Finally, the Court notes that since Cosgrove has been granted pauper status, an Officer of the Court will serve process in his behalf pursuant to Federal Rule of Civil Procedure 4(c)(2) and 28 U.S.C. § 1915(d). Accordingly, the Court being advised,

**IT IS HEREBY ORDERED** as follows:

1.     The following are **DISMISSED** from this lawsuit, *sua sponte*: the Defendant Bureau of Prisons; all of the constitutional claims for damages sought from the remaining Defendants in their official capacities; and all negligence claims against the remaining individual Defendants.

2.     The United States of America is **ADDED** as a Defendant to the FTCA claim.

3.     A Deputy Clerk of the Court in the Division in which the case lies shall prepare the documents necessary for service of process upon the following Defendants:

5

a.     The United States of America;
b.     S. Sloan at Big Sandy, in his individual capacity;
c.     P. Runyon at Big Sandy, in his individual capacity;
d.     Myron Batts at Big Sandy, in his individual capacity;
e.     Dr. Pablo Cruz at Big Sandy, in his individual capacity; and
f.     Dr. N. Rosario at Big Sandy, in his individual capacity.

4.     For each Defendant, the Deputy Clerk shall prepare a "Service Packet" consisting of

the following documents:

a.     the necessary completed summons forms, pursuant to FED. R. CIV. P. 4;
b.     the Complaint [Record No. 2];
c.     the Payment Order granting Plaintiff *in forma pauperis* status;
d.     this Order; and
e.     a completed USM Form 285.

If the Clerk is unable to fully and accurately complete any of the documents described above,

the Clerk shall set forth the reason in a docket entry.

5.     After the Divisional Clerk's office has prepared the summonses and other documents

listed above, a Deputy Clerk shall forward said documents, by certified mail, to the United States

Marshal's office in Lexington, Kentucky.

The Deputy Clerk shall enter the certified mail receipt into the instant record.

6.     Service of upon the United States of America shall be made by sending a Service

Packet by certified or registered mail to:

a..     the Civil Process Clerk at the Office of the United States Attorney for
        the Eastern District of Kentucky; and
b.     the Office of the Attorney General of the United States in Washington, D.C.;
        and
c.     the Central Office of the Federal Bureau of Prisons in
        Washington, D.C.

7.      Service upon the individual Defendants Sloan, Runyon, Batts, Cruz and Rosario shall be made by:

> a.      Sending a Service Packet by certified or registered mail to the same persons in ¶ 6 above, listed in a, b, and c; **and**
>
> b.      **personally serving** a Service Packet upon each identified Defendant.

The USM Office is responsible for ensuring that each Defendant is successfully served with process.  In the event that an attempt at service upon a Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

8.      Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to each identified Defendant.

> a.      For each Defendant to be served by certified mail, the Service Report shall include:
>
>> i.       a copy of the green card showing proof of service; or
>>
>> ii.      a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.
>
> b.      For each Defendant to be personally served, the Service Report shall indicate:
>
>> i.       that the Defendant was successfully served personally, or
>>
>> ii.      a statement explaining what efforts are being taken to locate the Defendant and accomplish personal service.

9.      Plaintiff's Motion for an Extension of Time based on his move to Missouri [Record No. 5] is **DENIED** without prejudice, as the length of time is unspecified, there is currently nothing due from him, and it would be more appropriate for him to bring another Motion if and when it appears to be necessary for him to respond to a pleading.

10.    The Plaintiff shall immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

11.    The Plaintiff must communicate with the Court *solely* through notices or motions filed with the Clerk's Office.  ***The Court will disregard correspondence sent directly to the judge's chambers.***

12.    With every notice or motion filed with the Court, the Plaintiff ***must***:

   a.    mail a copy to each Defendant (or his or her attorney); and

   b.    at the end of the notice or motion, certify that he has mailed a copy to each Defendant (or his or her attorney) and the date on which this was done.  ***The Court will disregard any notice or motion which does not include this certification.***

Dated this 20th day of July, 2009.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

8