NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 09-CV-64-KKC

CHARLES COSGROVE                                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, et al.                                              DEFENDANTS

***** ***** *****

This matter is before the Court on the Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. R.16.  For the reasons set forth below, the Motion will be granted and this case dismissed.

## BACKGROUND

On May 11, 2009, Charles Cosgrove, a prisoner who is in the custody of the Federal Bureau of Prisons ("BOP") and was then incarcerated in Missouri, submitted the instant *pro se* Complaint regarding his medical treatment during an earlier time when he was incarcerated at the United States Penitentiary ("USP")-Big Sandy, in Inez, Kentucky.

Plaintiff specifically alleged that for years the Defendants did not give him proper medical care for a painful left knee injury, which amounted to a violation of his rights under the Eighth Amendment and medical negligence.  He particularly complained that he was denied an MRI examination.  Plaintiff asked the Court to order an MRI, direct other proper treatment for his knee and award him damages.

After screening the Complaint, on July 20, 2009, this Court issued an Order acknowledging that these matters were brought against the named individual Defendants under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and against the United States for medical malpractice under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, *et seq.*  The Order concluded with the direction that summons issue for the United States and the five (5) individually named Defendants who purportedly provided the sub-standard medical care at USP-Big Sandy.

On October 26, 2009, the Defendants responded to the Complaint with the instant Motion. Days later, the Plaintiff submitted a Motion for Extension of Time, to December 20, 2009, in which to respond to the Motion.  Cosgrove's Motion was granted.  However, that date has now passed without his submitting any Response or another Motion for an extension of time.

### DEFENDANTS' MOTION

Relying upon declarations and documents attached to their Motion, the Defendants first stress certain facts.  First, one of the named Defendants, Dr. Pablo Cruz, no longer works for the BOP and has neither been located, nor served by the Plaintiff within the 120-day window required under Federal Rule of Civil Procedure 4(m).  The remaining Defendants have brought today's Motion, beginning with the explanation that the Plaintiff's purported left knee injury on December 29, 2006, occurred in a "physical altercation with staff" at USP-Leavenworth.  In 2007, he was transferred to USP-Big Sandy.

The Defendants' chronology of events also reveals that the Plaintiff was placed in a Residential Relocation Center ("RRC," commonly known as a halfway house), on June 17, 2009; and he was scheduled to be released from the RRC and begin his supervised release on December

2

9, 2009.  The Court notes that if these events occurred, Plaintiff was, thus, not hampered by incarceration during the three months which he had to form a response to the Defendants' Motion.[1]

With regard to the negligence claim herein, Cosgrove filed an FTCA claim about the December 26, 2006, "assault" by guards at Leavenworth, almost a full year later, on December 19, 2007, after he had been transferred to USP-Big Sandy.  The claim was denied by the BOP, via letter, dated October 10, 2008, and attached to the Defendants' Motion.  The letter includes a warning to the Plaintiff that he had only 6 months from that date in which to file a lawsuit about the incident.

Seven months after the denial of the FTCA claim, on May 11, 2009, the Plaintiff filed the instant lawsuit.  The United States shows that this is the only FTCA claim which Cosgrove filed with the BOP, and argues that by failing to make an administrative claim for medical negligence at USP-Big Sandy, he has failed to satisfy the exhaustion of the FTCA administrative process which is required prior to filing a lawsuit.  Alternatively, even if the claim about the original injury was construed as an exhaustion of the administrative process applicable against the Big Sandy Defendants, then he filed this lawsuit too late, beyond the 6-month statute of limitations.  Either way, the Court purportedly lacks jurisdiction and the FTCA claim must be dismissed.

With regard to the Constitutional claim, the Defendants urge several grounds for dismissal. First, they contend that none of them violated Cosgrove's Eighth Amendment rights.  Defendants Botts and Rosario swear to not being on the Utilization Review Committee ("URC") which denied Plaintiff the MRI, and not having any other involvement in the complained-of treatment.  As to the Defendants who were members of the URC, they contend that the Plaintiff has not demonstrated

---

[1]  Whether the Plaintiff was or was not incarcerated at any time is not, however, necessary to the disposition herein.  Regardless, Cosgrove had a duty to prosecute his case from any location.

3

the necessary components for Cosgrove's Eighth Amendment claim, *i.e.*, evidence that the Defendants were deliberately indifferent to his serious medical needs.

The individual Defendants also claim to be entitled to qualified immunity.  Further, they argue that since their declarations were attached in support of this Motion and since there is clearly an absence of evidence in the record to support Plaintiff's case, they are entitled to entry of summary judgment in their favor.

**DISCUSSION**

This Court finds that dismissal of this action is appropriate for several of the reasons raised by the Defendants.

First, by failing to respond or otherwise controvert the Defendants' declarations, Cosgrove has waived any objection he might have had to the Defendants' Motion.  Section 7.1(c) of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky provide that a party has twenty-one (21) days in which to file a response to a motion, and in this case, the Plaintiff was granted two months.  Still another month has passed without the submission of a response.

In *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470 (6th Cir.1989) (unpublished, Table), the Sixth Circuit held that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Id.* at *2 (citing *Elmore v. Evans*, 449 F. Supp. 2, 3 (E. D. Tenn.1976), *aff'd*, 577 F.2d 740 (6th Cir.1978) (unpublished per curiam)). The Sixth Circuit continued by stating as follows:

> ... In *Elmore*, we affirmed a district court order that granted defendants' motion for a judgment on the pleadings. *See Elmore*, 577 F.2d 740; Fed. R. Civ. P. 12(c). Because the plaintiff failed to make a timely response to defendants' motion, the

4

district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious. *See Elmore*, 449 F. Supp. at 3. See also ... E. D. Tenn. R. 10.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

*Scott*, 878 F.2d at *2.

Nineteen years later, on May 15, 2008, the Sixth Circuit quoted from *Scott* and *Elmore*, *inter alia*, in affirming the dismissal of a complaint upon the Defendants' Motion to Dismiss which went unopposed in the United States District Court for the Northern District of Ohio in *Humphrey v. U.S. Attorney Gen. Office*, 279 Fed.Appx. 328, 2008 WL 2080512 (6th Cir. 2008) (slip op.). The Sixth Circuit affirmed the district court's dismissal, after stating the waiver principle enunciated in *Scott* and also finding that the non-responsive plaintiff's "claims are not well taken." *Id*. at *3.

Applying the *Humphrey* procedure to this case, the Court notes that Cosgrove has not filed a response to the "Motion to Dismiss," despite his having ample time and, perhaps, liberty from incarceration. The arguments set forth in the United States' Motion to Dismiss are, therefore, not controverted. Moreover, in an earlier Order, the Court specifically warned the Plaintiff that "failure to respond to a motion shall be grounds for the Court to conclude that any arguments in opposition thereto have been waived. *See Humphrey v. U.S. Attorney Gen. Office*, 279 Fed.Appx. 328, 2008 WL 2080512 (6th Cir. May 15, 2008) (slip op.)." R. 17. As he was forewarned, based on these holdings, the Court will consider Cosgrove's arguments waived and will grant dismissal.

There was an alternative basis for dismissal in *Elmore*, as there is herein. The United States Court for the Eastern District of Tennessee, added a footnote which is equally true in this case:

Although unnecessary to such disposition, it is obvious to the Court that under recent pronouncements of the Supreme Court and the Sixth Circuit, the complaint herein fails to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. See: *Bishop v. Wood* (1976), 426 U.S. 341, 96 S.Ct. 2074, 48

5

L.Ed.2d 684; *Sullivan v. Brown*, C.A. 6th (1976), 544 F.2d 279; *Ryan v. Aurora City Board of Education,* C.A. 6th (1976), 540 F.2d 222.

*Elmore*, 449 F.Supp. at *4.

In a like manner, this Court concludes that Cosgrove, too, has failed to state a claim and that dismissal is therefore, appropriate for this reason also. A claim under *Bivens* requires a showing that each named defendant performed the acts that resulted in a deprivation of a constitutional right. *See Rizzo v. Goode*, 423 U.S. 362, 375-76, 96 S.Ct. 598 (1976); *Bivens*, 403 U.S. at 390 n. 2; *Williams v. Mehra*, 135 F.3d 1105, 1114 (6th Cir. 1998). Additionally, the claim that a prisoner's treatment violated the Eighth Amendment to the U.S. Constitution requires that the Plaintiff demonstrate two components, boh an objective and a subjective component. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir.2001).

The objective component requires a plaintiff to demonstrate the existence of a "sufficiently serious medical need." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). The subjective component requires that the plaintiff also show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety, which is to say the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The individual Defendants herein claim that Cosgrove's knee was not a serious medical need. They point out that it did not impede his walking, working, or other activities; and their repeated medical examinations, including x-rays, revealed no objective signs of a problem which would

6

account for the Plaintiff's complaints. Even if the Court accepted that Plaintiff's allegations as setting out a medical need which was sufficiently serious to satisfy the objective component for an Eight Amendment claim, however, Cosgrove has failed to demonstrate the other requirement, *i.e.*, the subjective component.

With regard to the subjective component, two of the named Defendants had nothing to do with the Plaintiff's medical care or the URC decision. Those Defendants who did participate, do not deny that they did not authorize the MRI. One even presented the request to the URC. They explain that their treatment and the group decision to deny the MRI request, was appropriate, based upon there being no medical indicia of an injury. This is not evidence of deliberate indifference. Rather, this is a picture of how medical decisions are made.

Moreover, the medical Defendants have each sworn to their other actions in response to the Plaintiff's complaints. Cosgrove was examined by medical personnel whenever he complained. They tested his range of motion, noted and responded to his subjective complaints of pain, and x-rayed the knee, but found no sign of a problem with his knee. They even prescribed Motrin for his complaints of pain. In sum, Plaintiff has failed to satisfy the subjective prong of his purported Eighth Amendment claim. Without a showing that a Defendant was deliberately indifferent to Cosgrove's medical condition, the Plaintiff has failed to state a Constitutional claim.

Here, Cosgrove's dispute lies solely with the adequacy of the treatment which he received. Such a dispute does not rise to the level of an Eighth Amendment claim under *Westlake v. Lucas*, 537 F.2d 857 (8th Cir. 1976), where the distinction was made between a complaint alleging a complete denial of medical care and one where the prisoner was simply second guessing medical judgments and attempting to "constitutionalize claims which sound in state tort law." *Id.* at 860; *see*

7

*also Jennings v. Al-Dabagh*, 97 Fed. Appx. 548, 550, 2004 WL 957817 at 2 (6th Cir. 2004) ("Jennings's personal opinion that his care was substandard, or that he was not given the treatment he requested because of the costs associated with the treatment, raises claims of state-law medical malpractice, not constitutionally defective medical care indifferent to Jennings's serious medical needs."); *Durham v. Nu'Man* 97 F.3d 862, 869 (6th Cir. 1996) ("The Plaintiff's complaints go to the adequacy of the medical care; they do not raise an issue of unnecessary and wanton infliction of pain as required under *Estelle*. They were not deliberately indifferent to a serious medical need of the Plaintiff.").

In *Alexander v. Federal Bureau of Prisons*, 227 F. Supp.2d 657 (E. D. Ky. 2002), this Court addressed a prisoner's challenge to his medical treatment, the Hon. Danny C. Reeves presiding. The Court granted summary judgment in favor of the Bureau of Prisons, and stated:

> While it appears that the plaintiff has not gotten what he wants, what he wants is not the issue. Ordering a specific type of surgery is not the appropriate function of this Court. The Court agrees with the defendants that, at most the plaintiff has alleged a difference in opinion between the plaintiff and his health care providers regarding the expediency of a specific treatment. This does not generally create a constitutional claim.

*Id*. at 666. Under *Alexander*'s analysis and the other cases cited herein, Cosgrove has at best alleged a state court medical malpractice claim, not a valid Eighth Amendment claim. And he has not preserved his medical negligence claim by first exhausting the FTCA administrative scheme, as decided earlier *supra*.

Finally, as the Defendants have pointed out, Cosgrove has failed to properly serve Defendant Cruz within 120 days of the beginning of this action, as required by Fed. R. Civ. P. 4(m). Therefore, Cruz is not before the Court. The claim against him will be dismissed, without prejudice, while the other claims are dismissed herein with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The  Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Record No. 16] is **GRANTED**.

(2)     This action will be **DISMISSED**.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion Order in favor of the named Defendants.

Dated this 25th day of January, 2010.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

9